[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Robert E. Foote, plaintiff's decedent, died on April 16, 1987. His wife, Annie, had died fifteen months earlier. On November 5, 1987. Edward Foote, their son was appointed executor of his father's estate. Edward is also an officer, director and majority share holder of the defendant, Foote Hills Farm, Inc. On May 16, 1989, the Hebron Probate Court removed Edward as executor finding that there appeared to be a "colorful conflict of interest" in Edward's ability to "pass unbiased judgment regarding debts" that may be due the decedent's estate from the defendant farm corporation.
The evidence disclosed that over the years between December 30, 1968 and March 31, 1978 the decedent made several loans to the farm corporation. Annie Foote was the corporate bookkeeper until 1981 when Marion Foote assumed her duties. The parties have stipulated that the total of these loans was $46,290.00. The parties have also stipulated that the financial ledgers of the corporation show that $24,445.00 CT Page 50 was repaid and that there was a balance due the decedent of $21,845.00 as of March 31, 1978.
The evidence also showed that the decedent made one additional loan to the corporation in February of 1981. The corporation repaid the debt in 1983 as evidenced by a cancelled check. The plaintiff claims that there is no evidence otherwise by way of cancelled checks, journal entries or other written indicia to indicate that the $21,845.00 balance due plaintiff's decedent was ever repaid.
Defendants introduced the testimony of Mahlon Shoup, the corporation's tax preparer since 1970, who recalls Annie Foote telling him that any debts due either herself or her husband from the corporation were forgiven. Defendants also called Lavina Goodale, daughter of the decedent, who testified that both her parents were mentally alert until the days they died. She stated that her parents made financial decisions together, and all but one of their bank accounts were joint. Lavina helped her parents with the physical act of banking but not with their financial decisions. Between 1979 and 1987, neither parent told her that any monies were due them from the corporation. After each parent died, Lavina helped search the personal effects to facilitate the probate accountings. She stated that following the death of her mother and later, her father, she found no promissory notes or writings evidencing any sums due either parent's estate.
The defendants introduced a list of stockholder loans to the corporation prepared by Annie Foote on or about July 29, 1976. The document was in Annie's handwriting. On same were marginal notations in her hand, which notations were made at some time after October, 1981. Alongside the loans made between 1960 and 1970, Annie wrote "Earliest ones cancelled". Alongside the list of loans made between 1971 and 1977, she wrote, "All cancelled excepting a later $2000."
The plaintiff asserts that Annie could not forgive loans made by the decedent, Robert L. Foote. The court need not consider that issue. It is apparent from inspecting the ledger sheets and other financial documents that each loan made by Robert L. and/or Annie Foote to the corporation was separate and distinct from other loans. The last loan made by Robert L. Foote to the corporation was the one made in February, 1981 which was repaid on July 11, 1983. The loan prior to that one was made in March, 1977. Consequently, even if there were monies due Robert L. Foote from the corporation, the statute of limitations, Section 52-576(a)[1]
of our Statutes, bars recovery. This action was not CT Page 51 commenced until December 18, 1989.
Therefore, judgment may enter for the defendants.
SCHEINBLUM, J.